## Commonwealth v. D. B. Swayne, Appellant.

*Practice, Super. Ct.—Insufficient assignment of error—General charge.*
Rule XV. provides that each error relied on must be assigned particularly and by itself. Hence, it follows that an assignment is defective which alleges error in charging the jury as follows (the whole charge being set forth totidem verbis). There is manifest failure to specifically set forth the error complained of.

*Insufficient assignment—Isolated sentence.*
An assignment of an isolated portion of a charge is bad when it wrests from its connection only part of a sentence from a paragraph which, taken together, is entirely unobjectionable.

*Charge of the court—Misleading statement.*
It is error for the court in charging the jury to state as a fact something which is unauthorized by the evidence and consequently misleading.

*Criminal law—Larceny as bailee—Criminal intent.*
Where the crime of larceny as bailee turns upon the circumstances attending the delivery of a check in an alleged sale of real estate, if it is alleged by defendant that the transaction grew out of a verbal agreement made for sale of real estate and in regard to which the check was alleged to have been given on account of purchase money and held under a claim of right, the jury should have been told that such claim negatived the felonious intent necessary to constitute the crime with which defendant was charged.

*Larceny as bailee—Deposit of check with trustee.*

In a tentative agreement of sale of real estate subject to confirmation·
by the vendor, if next day a check is deposited in trust with vendor's agent
to be returned to vendee if sale is not confirmed, then the receiver of the
check may be liable for larceny as bailee if he refuse to return the check,
the sale not being confirmed.

Argued March 17, 1896. Appeal, No. 9, March T., 1896,.
by D. B. Swayne, from judgment of Q. S. Blair Co., October
Sessions, 1895, No. 62. Before RICE, P. J., WILLARD, WICK-
HAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Indictment for larceny as bailee. Before LYON, P. J.

The facts sufficiently appear from the charge of the court.
below.

Gentlemen of the Jury: In this bill of indictment the de--
fendant, D. B. Swayne, is charged with larceny as bailee of a.
certain check drawn on the 4th day of January, 1895, payable·
at the Second National Bank to the order of D. B. Swayne,
and drawn by W. H. Kelley & Co. The indictment is drawn
under the 108th section of the act of March 31, 1860, which
reads as follows : " If any person, being a bailee of any prop--
erty, shall fraudulently take or convert the same to his own.
use, or to the use of any other person, except the owner thereof ;.
although he shall not break bulk or otherwise determine the·
bailment, he shall be guilty of larceny, and punished as is pro--
vided in cases of larceny of like property."

A bailment is the delivery of something of a personal nature·
by one party to another to be returned or delivered over when.
that purpose is accomplished. It is also defined by Story as.
follows: " A delivery of a thing in trust for some special
object or purpose and upon a contract, expressed or implied,
to conform to the object or purpose of the trust." Blackstone·
defines it as follows : " A delivery of goods in trust upon a con--
tract, either expressed or implied, that the trust shall be faith-
fully executed on the part of the bailee."

The person who delivers goods to another in trust is called
the bailor, and he who receives them in trust is called the bailee..

Now, in order to determine the question here, you, in this
case, must determine the fact, under the evidence in the case,.
was this check delivered to Mr. Swayne upon a trust as alleged.

by the commonwealth, so that if the agreement of sale by Mrs. Judge to Mr. Kelley was not consummated or confirmed, as they speak of it, as I understand it the witness meant to say if the contract of sale was not consummated—did not actually take place—that then the check which he gave was to be returned to Mr. Kelley by Mr. Swayne.

That is what the commonwealth alleges, and they allege that Mr. Swayne got its possession upon that condition and upon that trust. The defendant does not deny that the check was in his possession; he denies that it was given upon the condition which the commonwealth alleges. The testimony in this case is not very lengthy and it is not necessary for me to refer you to it. You all recollect it, and [the guilt or innocence of this defendant depends upon the truth of the testimony of the commonwealth,] [2] whether you believe that or not, or whether the evidence of the defendant as explained satisfies you that his version of the story is the correct one.

The commonwealth alleges that Mr. Kelley wanted to buy a property, and having seen an advertisement of the property of Mrs. Judge for sale, he called upon her in reference to it and that she asked him $3,000 for the property; he declined to give that. She said that she had placed her property in the hands of Mr. Swayne, as her agent, for sale, and declined to enter into a bargain until she saw him. On that evening they met at the office of Mr. Swayne, and what transpired there you have heard as detailed on the witness stand by all the parties to this arrangement. It seems that Mrs. Judge was being pressed for a debt, and that she had to sell to relieve her from the embarrassment, or obtain financial aid to stay off these creditors. Mr. Kelley was anxious to buy, and it seems that Mr. Swayne was also anxious to have her sell. Mr. Kelley, who thought it an advantageous bargain, and Mr. Swayne to conclude the bargain that he might get his commission of 2½ per cent upon the price of the property sold. [Mrs. Judge was reluctant to sell and was in doubt, hesitated and declined to accept the offer on that evening.] [3] Mr. Kelley alleged that if he was to become the purchaser that the bargain should be completed at once; that he was going away the next morning. Whether that is a fact or not is immaterial; that was, perhaps, an inducement which he had made to make Mrs.

Judge assent to the bargain at once, that he might reap an advantageous bargain. [But, if her testimony and that of Mr. Kelley is believed, she declined at the time the arrangement was entered into in regard to the check.] [4] [We submit it to you upon the question of fact, was that check delivered by Mr. Kelley to Mr. Swayne in trust upon the condition that if Mrs. Judge did not bind herself to sell that property the next day to him that the check was to be returned. If you find that to be, then the defendant held the check as bailee and he would be liable to answer this bill of indictment. That is the question of fact for you to determine under the evidence in the case.] [5] Now, then, how are you to determine this? Mr. Kelley is a witness in the case and his testimony and that of Mr. Swayne directly contradict each other so far as the material parts are concerned. One thing is clear from the evidence to my mind, that Mr. Kelley owed Mr. Swayne nothing and if he received that check as bailee he must return it even if he did owe him. He could not hold it in satisfaction of any other claim. He had no right to have that; if he received it as bailee, it was his duty to return it, and if he did not do so he makes himself liable to indictment.

You might come to the conclusion that one is worthy of as much credit as the other; then you have the testimony of Mrs. Judge in the case, and that ought to be considered by you. She has no interest in this suit whatever. She came to court reluctantly, and you will judge from her manner upon the witness stand whether she was biased in favor of one side or the other, and what credibility you will give to her testimony.

The defendant is made a witness by the act of assembly which makes him competent to testify in his own behalf, but his credibility is for the jury to determine. He is an interested party in the result of the case, and whatever degree of credit should be placed upon his testimony you will have that to take into consideration.

[So far as the form of receipt is concerned, that has but little weight in this case if you believe the testimony that it was simply given to show Mr. Kelley that he had paid that amount of purchase money.] [6] [But Mrs. Judge testified that they asked her to sign this receipt and that she would not do it because it might have been some evidence of a sale on her

part.] [7]   [Mr. Swayne signed it and, it is alleged, handed it to Mr. Kelley, so that if the bargain was completed and that she executed the agreement upon the day following, that he might keep the check; but I say to you as a matter of law that there was no contract entered into that would bind anybody there, even if you believe the testimony of Kelley (Swayne intended) that Mrs. Judge had assented, because the act of assembly required all contracts in relation to sale of real estate to be in writing, and until an agreement was signed by Mrs. Judge she was not bound to make a sale;] [8] and she testified that she never did, and Mr. Kelley also testifies that she asked to consider the matter over night and make up her mind, and she refused upon the day following to execute the agreement to sell the property to Mr. Kelley; so that you will consider this evidence now, and give such credibility to the witness on the one side and the other as satisfies you that it is right, and under the instructions we have given you on the law give it such weight as you think right and proper under the circumstances in this case.

If you find the defendant guilty, you simply say guilty in manner and form as he stands indicted, otherwise your verdict will be, not guilty.

Now the law presumes that every man is innocent until his guilt is established. If you have any reasonable doubt about his guilt, a reasonable doubt must be a doubt that rises naturally in your mind from the weakness or want of evidence in the case, and not such a doubt as sometimes jurors look about to find in order to relieve themselves from finding a verdict of guilty.

In this case you have nothing to do with the costs. Your verdict will be simply, guilty in manner and form as indicted, or, not guilty. [1]

*Errors assigned* were, (1) to the charge of the court, setting out same totidem verbis ; (2–9) error in specified parts of the charge, reciting same ; (10) refusing to affirm defendant's third point, as follows : If as claimed by the commonwealth the check was delivered to the defendant upon the condition that if Mrs. Judge did not affirm the sale to Kelley, or even assent to sale next morning, then the check to be returned, is not a bailment

552　　　COM. *v.* SWAYNE, Appellant.

Charge of Court—Opinion of the Court.　　[1 Super. Ct.

but a conditional sale, and the defendant cannot be convicted for larceny as bailee under the indictment for a conversion of said check; (11) refusing to affirm defendant's fourth point, as follows: There can be no conviction in this case because the defendant is no bailee of the property or check in controversy within the meaning of section 108 of the criminal code of March 31, 1860, and upon which the count in the bill of indictment upon which he is being tried is found.

*H. C. Madden,* of *McNeil Heinsling & Madden, Greevy & Walters* with him, for appellant.—The case was not fairly submitted to the jury as to the question of bailment: Bergner v. Thompson, 74 Pa. 168. The charge of the court was inadequate and misleading: Canal Co. v. Harris, 101 Pa. 80. As to the seventh assignment of error the court assumed the functions of a jury: Railroad Co. v. Alvord, 128 Pa. 42. The eighth point was confusing and misleading: Lee v. Newell, 107 Pa. 283: Oram v. Rothermel, 98 Pa. 300. The portion of the charge specified as the ninth assignment was totally inadequate to meet the requirements of the offense charged: Steinman v. McWilliams, 6 Pa. 170; Com. v. Chathams, 50 Pa. 181.

*W. C. Fletcher, W. S. Hammond,* district attorney, with him, for appellee,—cited on the question of liability as bailee: Brown Bros. v. Billington, 163 Pa. 76; Com. v. Hutchinson, 82 Pa. 472.

OPINION BY BEAVER, J., May 11, 1896:

The defendant, who is the appellant here, was convicted in the court below of the crime of larceny as bailee, the indictment being based upon the 108th section of the act of March 31, 1860. The facts sufficiently appear in the opinion of the court below and, so far as necessary to an understanding of the case, will be alluded to in our discussion of the eleven assignments of error presented for our consideration.

The first assignment is as follows: First. The court erred in charging the jury as follows: " (the whole charge from beginning to end being set forth totidem verbis.) Rule 15 of this court provides that each error relied on must be assigned particularly and by itself. What is the error relied upon in this

assignment? Is it that the charge of the court taken as a whole was inadequate, or.that it was unfair to the defendant, or that it failed to state the evidence specifically and fairly, or that the conclusions of law therein set forth were erroneous? We cannot tell. The particular error complained of should be specifically set forth, so that the attention of the court may be directed thereto. This assignment, therefore, lacking as it does the essential element of particularity, is not considered.

The second assignment charges that the court erred in charging the jury as follows: "The guilt or innocence of this defendant depends upon the truth of the testimony of the commonwealth." The correctness of this abstract proposition can hardly be doubted, but the assignment is unfair to the court below and misleading to this court, inasmuch as it wrests from its connection only part of a sentence from a paragraph which taken together is entirely unobjectionable, which is as follows: "The testimony in this case is not very lengthy and it is not necessary for me to refer you to it. You all recollect it, and the guilt or innocence of this defendant depends upon the truth of the testimony of the commonwealth—whether you believe that or not or whether the evidence of the defendant as explained satisfies you that his version of the story is the correct one."

The third, fourth, fifth and sixth assignments of error, all relating to parts of the charge of the court, are overruled, inasmuch as they fairly represent the main facts of the case which were necessarily submitted to the jury for its finding in the event that any of the facts of the case were to be so submitted.

The tenth assignment, which covers the refusal of the court to affirm the defendant's third point, is also overruled. The point itself does not contain a legal proposition which could be affirmed, even if the facts alleged by the defendant were true.

The seventh and eighth assignments of error are sustained. The seventh relates to the version of the testimony of Mrs. Judge, as given by the learned judge in the court below in his charge to the jury, as follows: "But Mrs. Judge testified that they asked her to sign this receipt and that she would not do it, because it might have been some evidence of a sale on her part." Although Mrs. Judge did testify that she was asked

by the defendant to sign the receipt, she does not say that she
" would not do it," nor does she assign any reason therefor, as
stated by the court.

Whether or not the receipt given by Swayne, the defendant,
to Kelley, the intended purchaser of the property of Mrs. Judge,
would have constituted a valid agreement for the sale of the
property, conceding that Swayne was a duly constituted agent
for its sale, and would have taken the case, if it had been a
civil one, out of the operation of the statute of frauds, we do
not determine nor is it necessary so to do, but we think the
court erred in laying down the rule in regard to contracts gov-
erning the sale of real estate as applicable to this case, as as-
signed for error in the eighth asssignment. If, as was alleged
by the defendant and in a measure corroborated by Kelley, a
verbal agreement was made for the sale of the property and
the check was given by Kelley to Swayne on account of the
purchase money, and the check so given was afterwards held
by Swayne under a bona fide claim of right, the jury should
have been told that such a claim negatived the felonious intent
necessary to constitute the crime with which he was charged.

The ninth and eleventh assignments relate practically to the
same question, which is the fundamental one in the case, and
are considered together, namely, was the defendant, Swayne, a
bailee such as is contemplated by the 108th section of the act
of March 31, 1860 (P. L. 382), which is as follows : " If any
person, being a bailee of any property, shall fraudulently take
or convert the same to his own use or to the use of any other
person, except the owner thereof, although he shall not break
bulk or otherwise determine the bailment, he shall be guilty of
larceny and punished as is provided in cases of larceny of like
property." Soon after its adoption, this section of the crimi-
nal code received an authoritative interpretation in the case of
Commonwealth v. Chathams, 50 Pa. 181 (1865). In the court
below, the jury found a special verdict, reciting the facts under
which the defendant came into possession of and used the prop-
erty of which he was charged in the indictment with being
guilty of larceny as bailee. The property consisted of goods
and chattels used in farming loaned to the defendant for use
without pay. The court below, restricting the operation of the
statute to the object which the commissioners, appointed to frame

the penal code, had in view in proposing it as shown in their report, decided that the defendant was not such a bailee as was contemplated therein and entered judgment in his favor. The Supreme Court upon appeal, in a lengthy opinion rendered by Mr. Justice READ, reversed the court below and directed the record to be remitted for sentence according to law. If Swayne, the defendant, came into possession of the check referred to under the circumstances detailed by Kelley and Mrs. Judge, he was undoubtedly a bailee under the species of bailment denominated by Sir William Jones in his analysis of bailments as depositum, i. e., the custodian of a naked deposit without reward. He could, therefore, be convicted under the provisions of the 108th section above referred to. The check referred to is a species of property which is the subject of bailment and, if the allegation of the commonwealth was sustained that it was received by the defendant impressed with the trust that, in case the contemplated sale were not finally consummated on the following day, it was to be returned, there might be a conviction under the indictment in this case. The ninth and eleventh assignments of error are, therefore, overruled.

Being compelled to sustain the seventh and eighth assignments of error, we think the case should be sent back for a retrial.

Judgment reversed and a new venire awarded.